1 LEMMON, J.,
concurring in the Denial of the Application.
This is a medical malpractice action by the statutory survivors of a deceased tort victim against a doctor who is a qualified health care provider.
The tort victim made an earlier claim against another doctor who was not a qualified health care provider.[1] That claim was determined by arbitration favorable to the tort victim, but the doctor filed for protection in bankruptcy.
In this subsequent proceeding, the doctor and his insurer proposed to settle with plaintiffs for $100,000. The Patients’ Compensation Fund objected to the settlement, asserting that the claim was prescribed.
At the hearing on the approval, the Fund agreed that the $100,000 settlement would constitute an admission of liability for at least $100,000 in damages. Fearful of having its liability foreclosed by approval of the settlement, the Fund argued its right to contest its liability for damages in excess of $100,000 and asserted that it should not be held liable on a prescribed claim.
The trial judge approved the settlement, but reserved the Fund’s right “to argue pthe exception of prescription at a later date.”[2] The court of appeal denied the Fund’s application for supervisory writs, noting that the Fund lacks standing to contest the approval of the settlement.
I fail to perceive any prejudice to the Fund at this time. It appears that the *1214 matter will proceed to trial, at which time the trial judge intends to allow the Fund to try the issue of prescription and, if necessary, the merits of the claims. After the trial judge rules on these fully tried issues, each side may seek review by appeal of all issues, including whether the statutory admission of liability precludes prescription as a defense by the Fund to an excess judgment.

. The malpractice claims against the two doctors were based on each doctor's failure to diagnose cancer during the period each doctor treated the tort victim.

. Al the hearing, the judge appeared to agree to some extent with the Fund, stating that “you have the right to argue the prescription for your share.”